UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

CIVIL ACTION NO.
3:49
05cv30133 MAP

LOREN ROSENBURG, )
    Plaintiff )
)
vs. )
)
GOLUB CORPORATION, d/b/a )
PRICE CHOPPER, )
    Defendant )

## NOTICE OF REMOVAL

Defendant in the above titled action, by its undersigned attorney, and pursuant to 28 U.S.C. 1441, *et seq.*, states as follows:

1. Defendant exercises its rights under the provisions of 28 U.S.C. §1441, *et seq.*, to remove this action from the Superior Court of the Department of the Trial Court, Commonwealth of Massachusetts, Berkshire County, in which this case is now pending under the name and style: <u>Loren Rosenburg vs. Golub Corporation, d/b/a Price Chopper</u>, Civil Action No. 05-157.

2. This is a action in which the District Courts of the United States have been given original jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. §1331.

3. Specifically, plaintiff alleges a violation of his rights under the Americans with Disabilities Act, 42 U.S.C. Section 12111, *et seq.*

4. This action was filed on or about May 27, 2005. Summons dated May 27, 2005, and complaint were served on defendant on or after May 28, 2005. In accordance with the requirements of 28 U.S.C. §1446, this Notice of Removal is filed within 30 days after the service of the summons and complaint upon the defendant.

401856

5. Pursuant to 28 U.S.C. §1446, the Defendant is filing contemporaneously with this Notice of Removal copies of the following served upon it in this action (attached hereto):

    (a) Summons dated May 27, 2005;

    (b) Complaint;

    (c) Defendant's Acceptance of Service, dated June 1, 2005.

6. Based on the foregoing, the defendant respectfully requests that this action be removed from the Superior Court, Department of the Trial Court of Massachusetts, Commonwealth of Massachusetts, Berkshire Division, to the United States District Court for the District of Massachusetts, Western Division, the District where the action is pending.

7. Written notice of the filing of this Notice will be given to adverse parties.

8. A copy of this petition will be filed with the clerk of the Superior Court Department, Berkshire Division.

WHEREFORE, the defendant respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action and that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

                                                 THE DEFENDANT
                                                 GOLUB CORPORATION, d/b/a
                                                 PRICE CHOPPER

By _____
John C. Sikorski, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 461970

401856

## CERTIFICATE OF SERVICE

I, John C. Sikorski, Esq., hereby certify that on this ___ day of June, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Kevin M. Kinne, Esq., Cain Hibbard Myers & Cook, P.C., 66 West Street, Pittsfield, MA 01201.

Subscribed under the penalties of perjury.

_____
John C. Sikorski

401856

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                                    Superior Court Department
                                                  Civil Action No.

```
LOREN ROSENBURG,

                    Plaintiff,

    v.

GOLUB CORPORATION, d/b/a PRICE
CHOPPER,

                    Defendants.
```

## COMPLAINT

### Introduction

Loren Rosenburg brings this action for damages arising out of the employment discrimination and retaliation against him by his former employer, Golub Corporation, d/b/a Price Chopper ("Price Chopper").

### Parties

1.  The Plaintiff, Loren Rosenburg, is an individual who resides Housatonic, Massachusetts.

2.  Upon information and belief, Price Chopper is a corporation with a principal place of business located at 501 Duanesburg Road, Schenectedy, New York. Price Chopper owns and operates a supermarket located in Great Barrington, Massachusetts, that employs more than 50 employees.

## Factual Background

3.   On or about January 5, 2003, Loren Rosenburg was employed by Price Chopper as a part-time dairy clerk with responsibility for, among other things, stocking the dairy shelves at Price Chopper's supermarket in Great Barrington, Massachusetts.

4.   On or about January 5, 2003, Edward Jones was employed by Price Chopper.

5.   On or about January 5, 2003, Edward Jones was Loren Rosenburg's supervisor at Price Chopper.

6.   In addition to their supervisor/subordinate relationship, Mr. Jones and Mr. Rosenburg had been friends.

7.   Mr. Rosenburg has had a medical history of epilepsy and seizures. As a result of his disability he is unable to drive an automobile.

8.   Price Chopper and Mr. Jones were aware that Mr. Rosenburg suffered from seizures and that he had brain surgery in October 2001, in an attempt to alleviate the seizures.

9.   Since the surgery, Mr. Rosenburg has had seizures on two occasions.

10.   Mr. Jones knew that Mr. Rosenburg had epilepsy and repeatedly made fun of him and harassed him because of his disability. Mr. Jones also perceived Mr. Rosenburg to be, in his words, "mentally retarded". As a result, Mr. Jones repeatedly harassed Mr. Rosenburg on the basis of that perceived disability by calling him, among other things, a "fucking retard" and a "worthless piece of shit".

11.   On or about January 5, 2003, Mr. Rosenburg was working the 8:00 a.m. to 4:30 p.m. shift stocking shelves. During Mr. Rosenburg's regularly scheduled lunch break, Mr. Jones again called Mr. Rosenburg a "fucking retard" and a "worthless piece of shit."

12. Mr. Jones then stuck his knee into Mr. Rosenburg's groin.

13. Mr. Rosenburg tried to get away from Mr. Jones, but he kept coming at him. When Mr. Rosenburg turned to walk away, Mr. Jones pushed him from behind. The force of this push knocked Mr. Rosenburg into a pallet rack, where he hit his head on a crate of soda, then on a door, and then fell to the floor, hitting his head again on the floor.

14. This caused serious bleeding from Mr. Rosenburg's head, and caused him to lose consciousness.

15. Mr. Rosenburg was unable to move for about 5 minutes due to the trauma to his head, and when he regained consciousness, his left arm was covered in blood, and there was a puddle of blood around his head.

16. Mr. Rosenburg heard Mr. Jones yelling, "Holy shit! What did I do? Call 911!"

17. A female co-worker saw Mr. Rosenburg lying on the floor in the puddle of blood and was crying.

18. An ambulance arrived and transported Mr. Rosenburg to Fairview Hospital, where his head-wound was treated.

19. On January 7, 2003, Mr. Rosenburg wrote a letter to the store manager complaining about the unlawful harassment that he had been enduring.

20. After Mr. Rosenburg wrote his letter of complaint to the store manager, Price Chopper repeatedly retaliated against him and made the workplace intolerable.

21. In or about August of 2003, Mr. Rosenburg filed a Charge of Discrimination against Price Chopper and Mr. Jones with the Massachusetts Commission Against

Discrimination ("MCAD") and the United States Equal Employment Opportunity Commission ("EEOC").

22. Price Chopper repeatedly retaliated against Mr. Rosenburg for filing his Charge of Discrimination at the MCAD/EEOC and for his internal complaints, including the following: (a) treating Mr. Rosenburg more harshly than other employees; (b) denying him promotions to full-time status; (c) reducing his hours; and (d) trying to coerce Mr. Rosenburg into signing false documents.

23. Finally, on or about April 2, 2005, Price Chopper terminated Mr. Rosenburg's employment in retaliation for filing his Charge of Discrimination and for his internal complaints.

## Count 1 - Violation of M.G.L. c. 151B (Handicap Harassment)

24. Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-23, as if fully set forth herein.

25. Mr. Rosenburg at all relevant times has been a qualified handicapped person under M.G.L. c. 151B and/or perceived as being handicapped.

26. Mr. Rosenburg timely filed a Charge of Discrimination under M.G.L. c. 151B ("c. 151B") and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under c. 151B. Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

27. Price Chopper was Mr. Rosenburg's employer and the actions of Mr. Rosenburg's supervisors and co-workers at Price Chopper constitute unlawful disability harassment for which Price Chopper is responsible and liable pursuant to c. 151B.

4

28. As a direct and proximate result of Price Chopper's conduct, Mr. Rosenburg had suffered substantial damage.

### Count II – Violation of American with Disabilities Act (Disability Harassment)

29. Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-28, as if fully set forth herein.

30. Mr. Rosenburg at all relevant times has been a qualified disabled person under the American's With Disabilities Act ("ADA") and/or perceived as being disabled.

31. Mr. Rosenburg timely filed a Charge of Discrimination under the ADA and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under the ADA. Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

32. Price Chopper was Mr. Rosenburg's employer and the actions of Mr. Rosenburg's supervisors and co-workers at Price Chopper constitute unlawful disability harassment for which Price Chopper is responsible and liable pursuant to the ADA.

33. As a direct and proximate result of Price Chopper's conduct, Mr. Rosenburg had suffered substantial damage.

### Count III – Violation of M.G.L. c. 151B (Retaliation)

34. Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-33, as if fully set forth herein.

35. Mr. Rosenburg timely filed a Charge of Discrimination under c. 151B and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under c. 151B. Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

5

37.  Mr. Rosenburg's internal complaints and his Charge of Discrimination filed at the MCAD/EEOC constituted protected opposition to discriminatory practices.

38.  Price Chopper repeatedly retaliated against Mr. Rosenburg for filing his Charge of Discrimination at the MCAD/EEOC and for his internal complaints, including the following: (a) treating Mr. Rosenburg more harshly than other employees; (b) denying him promotions to full-time status; (c) reducing his hours; and (d) trying to coerce Mr. Rosenburg into signing false documents; and (e) terminating Mr. Rosenburg's employment on or about April 2, 2005.

39.  The above-referenced conduct of Price Chopper was in retaliation for Mr. Rosenburg opposing discriminatory practices and was a violation of c. 151B.

40.  Price Chopper has interfered with Mr. Rosenburg's exercise and enjoyment of his civil rights, as protected under c. 151B.

41.  As a direct and proximate result of Price Chopper's retaliation following Mr. Rosenburg's complaints of disability discrimination/harassment, Mr. Rosenburg has suffered substantial damage.

### Count IV – Violation of ADA (Retaliation)

42.  Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-41, as if fully set forth herein.

43.  Mr. Rosenburg timely filed a Charge of Discrimination under the ADA and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under the ADA. Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

44. Mr. Rosenburg's internal complaints and his Charge of Discrimination filed at the MCAD/EEOC constituted protected opposition to discriminatory practices.

45. Price Chopper repeatedly retaliated against Mr. Rosenburg for filing his Charge of Discrimination at the MCAD/EEOC and for his internal complaints, including the following: (a) treating Mr. Rosenburg more harshly than other employees; (b) denying him promotions to full-time status; (c) reducing his hours; and (d) trying to coerce Mr. Rosenburg into signing false documents; and (e) terminating Mr. Rosenburg's employment on or about April 2, 2005.

46. The above-referenced conduct of Price Chopper was in retaliation for Mr. Rosenburg opposing discriminatory practices and was a violation of the ADA.

47. Price Chopper has interfered with Mr. Rosenburg's exercise and enjoyment of his civil rights, as protected under the ADA.

48. As a direct and proximate result of Price Chopper's retaliation following Mr. Rosenburg's complaints of disability discrimination/harassment, Mr. Rosenburg has suffered substantial damage.

WHEREFORE, Mr. Rosenburg respectfully requests that this Court enter judgment for Mr. Rosenburg on all counts of his Complaint and award him:

    a) Compensatory damages;

    b) Multiple damages;

    c) Punitive damages;

    d) Exemplary damages;

    e) Damages for emotional distress;

f) Attorney's fees;

g) Costs; and

h) Such other and further relief to which he is entitled and as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

LOREN ROSENBURG,

Plaintiff,

By: /s/ Kevin M. Kinne
Kevin M. Kinne, Esquire (BBO# 559004)
CAIN HIBBARD MYERS & COOK, PC
66 West Street
Pittsfield, MA 01201
(413) 443-4771

Dated: May 27, 2005

8

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-157

................LOREN ROSENBURG................, Plaintiff(s)

v.

........GOLUB CORPORATION d/b/a PRICE CHOPPER........, Defendant(s)

## SUMMONS

To the above-named Defendant: GOLUB CORPORATION d/b/a PRICE CHOPPER

You are hereby summoned and required to serve upon ....Kevin M. Kinne, Esq..... , of Cain Hibbard Myers & Cook, P.C. plaintiff's attorney, whose address is ....66 West Street, Pittsfield, MA 01201...................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE ~~ROBERT A. MULLIGAN~~ , Esquire at Pittsfield, the ....27th.... day of ....May...., in the year of our Lord ~~one thousand nine hundred and~~ ....2005.....

*[signature]* CLERK.

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

Form - CIV. P. - 1 — 6-75 — 2500

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................................, 19......., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

I, John C. Sikorski, Esq., Robinson Donovan, P.C., 1500 Main St., Springfield, Mass., hereby accept service of the attached Complaint on behalf of Golub Corporation, d/b/a Price Chopper on May 28, 2005.

Dated: 6/1, 19 2005    /s/ John C. Sikorski

**N.B.  TO PROCESS SERVER:—**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

, 19   .

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT
CIVIL ACTION
BERKSHIRE, ss.
No. 05-157

LOREN ROSENBURG ........................, Plff(s).

v.

GOLUB CORPORATION d/b/a PRICE CHOPPER ........................, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Loren Rosenburg

**(b)** County of Residence of First Listed Plaintiff __Berkshire__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kevin M. Kinne, Esq., Cain Hibbard Myers & Cook, Inc.
66 West Street
Pittsfield, MA 01201
(413) 443-4771

## DEFENDANTS

Golub Corporation, d/b/a Price Chopper

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
John C. Sikorski, Esq., Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
(413) 732-2301

FILED IN CLERK'S OFFICE
2005 JUN -6 P 3: 49
U.S. DISTRICT COURT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Claim under Americans with Disabilities Act, 42 U.S.C. Section 12111

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Unknown
DOCKET NUMBER Berkshire Sup. Ct C.A. No. 05-157

DATE: 06/06/05
SIGNATURE OF ATTORNEY OF RECORD: /s/ John C. Sikorski

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Loren Rosenburg v. Golub Corporation, d/b/a Price Chopper

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Loren Rosenburg v. Golub Corporation, d/b/a Price Chopper, Berkshire Superior Court C.A. No. 05-157

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☒

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  John C. Sikorski, Esq.,
ADDRESS  ROBINSON DONOVAN, P.C., 1500 Main Street, Suite 1600, Springfield, MA 01115
TELEPHONE NO.  (413) 732-2301

(Coversheetlocal.wpd - 10/17/0 )