

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-157 | Trial Court of Massachusetts Superior Court Department County: BERKSHIRE |
|---|---|---|

| PLAINTIFF(S) LOREN ROSENBURG | DEFENDANT(S) GOLUB CORPORATION d/b/a PRICE CHOPPER |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Kevin M. Kinne, Cain Hibbard Myers & Cook, PC, 66 West St., Pittsfield, MA 01201 (413) 443-4771 Board of Bar Overseers number: 559004 | ATTORNEY (if known) John C. Sikorski, Robinson Donovan, 1500 Main Street, Suite 1600, P.O. Box 15609, Springfield, MA 01115 |

**FILED**
2005 JUN -9 A 11: 15

CITY CLERK
DISTRICT OF MASS

## Origin code and track designation

Place an x in one box only:

- [XX] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

THE COMMONWEALTH
BERKSHIRE, S.S.

A. Documented medical expenses to date:
1. Total hospital expenses ......... estimated ................. $ 700.00
2. Total Doctor expenses ......................... $
3. Total chiropractic expenses ................. $
4. Total physical therapy expenses ......... $
5. Total other expenses (describe) .... estimated .......... $ 700.00
   Subtotal $ 1400.00
B. Documented lost wages and compensation to date ........... $ 5000.00
C. Documented property damages to date ...................... $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ........................ $ 25,000.00
F. Other documented items of damages (describe)
   Emotional Distress ..................................... $ 350,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Defendant knew about Plaintiff's mental disability and/or perceived him to be mentally disabled, harassed him because of the disability or perceived disability and then retaliated against him by (a) treating him more harshly than other employees; (b) denying him promotions to full-time $ status; (c) reducing his hours; (d) trying to coerce him into signing false documents;  TOTAL $ 381,400.00 and (e) terminating his employment on or about April 2, 2005.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A True Copy
Attest: Deborah S Capeless
Clerk

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: May 27, 2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.

**Superior Court Department**
Civil Action No. OS- 157

MA 2 7 200

---

LOREN ROSENBURG,

                **Plaintiff,**

    **v.**

GOLUB CORPORATION, d/b/a PRICE CHOPPER,

                **Defendants.**

---

## COMPLAINT

### Introduction

Loren Rosenburg brings this action for damages arising out of the employment discrimination and retaliation against him by his former employer, Golub Corporation, d/b/a Price Chopper ("Price Chopper").

### Parties

1.    The Plaintiff, Loren Rosenburg, is an individual who resides Housatonic, Massachusetts.

2.    Upon information and belief, Price Chopper is a corporation with a principal place of business located at 501 Duanesburg Road, Schenectedy, New York.  Price Chopper owns and operates a supermarket located in Great Barrington, Massachusetts, that employs more than 50 employees.

A True Copy

Attest: Deborah S Capeless

Clerk

<u>Factual Background</u>

3.    On or about January 5, 2003, Loren Rosenburg was employed by Price Chopper as a part-time dairy clerk with responsibility for, among other things, stocking the dairy shelves at Price Chopper's supermarket in Great Barrington, Massachusetts.

4.    On or about January 5, 2003, Edward Jones was employed by Price Chopper.

5.    On or about January 5, 2003, Edward Jones was Loren Rosenburg's supervisor at Price Chopper.

6.    In addition to their supervisor/subordinate relationship, Mr. Jones and Mr. Rosenburg had been friends.

7.    Mr. Rosenburg has had a medical history of epilepsy and seizures. As a result of his disability he is unable to drive an automobile.

8.    Price Chopper and Mr. Jones were aware that Mr. Rosenburg suffered from seizures and that he had brain surgery in October 2001, in an attempt to alleviate the seizures.

9.    Since the surgery, Mr. Rosenburg has had seizures on two occasions.

10.    Mr. Jones knew that Mr. Rosenburg had epilepsy and repeatedly made fun of him and harassed him because of his disability. Mr. Jones also perceived Mr. Rosenburg to be, in his words, "mentally retarded". As a result, Mr. Jones repeatedly harassed Mr. Rosenburg on the basis of that perceived disability by calling him, among other things, a "fucking retard" and a "worthless piece of shit".

11.    On or about January 5, 2003, Mr. Rosenburg was working the 8:00 a.m. to 4:30 p.m. shift stocking shelves. During Mr. Rosenburg's regularly scheduled lunch break, Mr. Jones again called Mr. Rosenburg a "fucking retard" and a "worthless piece of shit."

12.    Mr. Jones then stuck his knee into Mr. Rosenburg's groin.

13.    Mr. Rosenburg tried to get away from Mr. Jones, but he kept coming at him. When Mr. Rosenburg turned to walk away, Mr. Jones pushed him from behind. The force of this push knocked Mr. Rosenburg into a pallet rack, where he hit his head on a crate of soda, then on a door, and then fell to the floor, hitting his head again on the floor.

14.    This caused serious bleeding from Mr. Rosenburg's head, and caused him to lose consciousness.

15.    Mr. Rosenburg was unable to move for about 5 minutes due to the trauma to his head, and when he regained consciousness, his left arm was covered in blood, and there was a puddle of blood around his head.

16.    Mr. Rosenburg heard Mr. Jones yelling, "Holy shit! What did I do? Call 911!"

17.    A female co-worker saw Mr. Rosenburg lying on the floor in the puddle of blood and was crying.

18.    An ambulance arrived and transported Mr. Rosenburg to Fairview Hospital, where his head-wound was treated.

19.    On January 7, 2003, Mr. Rosenburg wrote a letter to the store manager complaining about the unlawful harassment that he had been enduring.

20.    After Mr. Rosenburg wrote his letter of complaint to the store manager, Price Chopper repeatedly retaliated against him and made the workplace intolerable.

21.    In or about August of 2003, Mr. Rosenburg filed a Charge of Discrimination against Price Chopper and Mr. Jones with the Massachusetts Commission Against

Discrimination ("MCAD") and the United States Equal Employment Opportunity Commission ("EEOC").

22.    Price Chopper repeatedly retaliated against Mr. Rosenburg for filing his Charge of Discrimination at the MCAD/EEOC and for his internal complaints, including the following: (a) treating Mr. Rosenburg more harshly than other employees; (b) denying him promotions to full-time status; (c) reducing his hours; and (d) trying to coerce Mr. Rosenburg into signing false documents.

23.    Finally, on or about April 2, 2005, Price Chopper terminated Mr. Rosenburg's employment in retaliation for filing his Charge of Discrimination and for his internal complaints.

### Count 1 – Violation of M.G.L. c. 151B (Handicap Harassment)

24.    Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-23, as if fully set forth herein.

25.    Mr. Rosenburg at all relevant times has been a qualified handicapped person under M.G.L. c. 151B and/or perceived as being handicapped.

26.    Mr. Rosenburg timely filed a Charge of Discrimination under M.G.L. c. 151B ("c. 151B") and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under c. 151B. Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

27.    Price Chopper was Mr. Rosenburg's employer and the actions of Mr. Rosenburg's supervisors and co-workers at Price Chopper constitute unlawful disability harassment for which Price Chopper is responsible and liable pursuant to c. 151B.

28.     As a direct and proximate result of Price Chopper's conduct, Mr. Rosenburg had suffered substantial damage.

<u>Count II – Violation of American with Disabilities Act (Disability Harassment)</u>

29.     Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-28, as if fully set forth herein.

30.     Mr. Rosenburg at all relevant times has been a qualified disabled person under the American's With Disabilities Act ("ADA") and/or perceived as being disabled.

31.     Mr. Rosenburg timely filed a Charge of Discrimination under the ADA and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under the ADA. Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

32.     Price Chopper was Mr. Rosenburg's employer and the actions of Mr. Rosenburg's supervisors and co-workers at Price Chopper constitute unlawful disability harassment for which Price Chopper is responsible and liable pursuant to the ADA.

33.     As a direct and proximate result of Price Chopper's conduct, Mr. Rosenburg had suffered substantial damage.

<u>Count III – Violation of M.G.L. c. 151B (Retaliation)</u>

34.     Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-33, as if fully set forth herein.

35.     Mr. Rosenburg timely filed a Charge of Discrimination under c. 151B and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under c. 151B. Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

37.    Mr. Rosenburg's internal complaints and his Charge of Discrimination filed at the MCAD/EEOC constituted protected opposition to discriminatory practices.

38.    Price Chopper repeatedly retaliated against Mr. Rosenburg for filing his Charge of Discrimination at the MCAD/EEOC and for his internal complaints, including the following: (a) treating Mr. Rosenburg more harshly than other employees; (b) denying him promotions to full-time status; (c) reducing his hours; and (d) trying to coerce Mr. Rosenburg into signing false documents; and (e) terminating Mr. Rosenburg's employment on or about April 2, 2005.

39.    The above-referenced conduct of Price Chopper was in retaliation for Mr. Rosenburg opposing discriminatory practices and was a violation of c. 151B.

40.    Price Chopper has interfered with Mr. Rosenburg's exercise and enjoyment of his civil rights, as protected under c. 151B.

41.    As a direct and proximate result of Price Chopper's retaliation following Mr. Rosenburg's complaints of disability discrimination/harassment, Mr. Rosenburg has suffered substantial damage.

<u>Count IV – Violation of ADA (Retaliation)</u>

42.    Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-41, as if fully set forth herein.

43.    Mr. Rosenburg timely filed a Charge of Discrimination under the ADA and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under the ADA. Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

44.    Mr. Rosenburg's internal complaints and his Charge of Discrimination filed at the MCAD/EEOC constituted protected opposition to discriminatory practices.

45.    Price Chopper repeatedly retaliated against Mr. Rosenburg for filing his Charge of Discrimination at the MCAD/EEOC and for his internal complaints, including the following: (a) treating Mr. Rosenburg more harshly than other employees; (b) denying him promotions to full-time status; (c) reducing his hours; and (d) trying to coerce Mr. Rosenburg into signing false documents; and (e) terminating Mr. Rosenburg's employment on or about April 2, 2005.

46.    The above-referenced conduct of Price Chopper was in retaliation for Mr. Rosenburg opposing discriminatory practices and was a violation of the ADA.

47.    Price Chopper has interfered with Mr. Rosenburg's exercise and enjoyment of his civil rights, as protected under the ADA.

48.    As a direct and proximate result of Price Chopper's retaliation following Mr. Rosenburg's complaints of disability discrimination/harassment, Mr. Rosenburg has suffered substantial damage.

WHEREFORE, Mr. Rosenburg respectfully requests that this Court enter judgment for Mr. Rosenburg on all counts of his Complaint and award him:

        a)    Compensatory damages;

        b)    Multiple damages;

        c)    Punitive damages;

        d)    Exemplary damages;

        e)    Damages for emotional distress;

f) Attorney's fees;

g) Costs; and

h) Such other and further relief to which he is entitled and as the Court deems

just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

LOREN ROSENBURG,

Plaintiff,


By: *Kevin M. Kinne*
Kevin M. Kinne, Esquire (BBO# 559004)
CAIN HIBBARD MYERS & COOK, PC
66 West Street
Pittsfield, MA 01201
(413) 443-4771

Dated: May 27, 2005

**Commonwealth of Massachusetts**
**Trial Court**

**Berkshire Superior Court Department**

**UNIFORM COUNSEL CERTIFICATION**
**FOR CIVIL CASES**

CASE NAME:    Loren Rosenburg v. Golub Corporation d/b/a Price Chopper
DOCKET #_____

I am attorney-of-record for: **Plaintiff Loran Rosenburg**, in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution
(SJC Rule 1:18) which states in part:  ". . . Attorneys shall:  provide their clients with this
information about court-connected dispute resolution services; discuss with their clients the
advantages and disadvantages of the various methods of dispute resolution; and certify their
compliance with this requirement on the civil cover sheet or its equivalent . . .,"  I hereby
certify that I have complied with this requirement.

_____
Signature of Attorney-of-Record

_____
Kevin M. Kinne
Print Name

B.B.O. #_____559004_____

Date:_____May 27, 2005_____

This certification may be filed by counsel as is, or this text may be incorporated into a form currently
in use at the initiation of a case (e.g., civil cover sheet, appearance form, etc.), as determined to be
appropriate in each department of the Trial Court.  Plaintiff's/Petitioner's counsel shall file this
document at the time his/her initial pleading is filed.  All other counsel shall file it within thirty (30)
days of his/her initial entry into the case whether by answer, motion, appearance slip or other pleading.

A True Copy
Attest _____
Clerk

# COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.

Superior Court Department
Civil Action No.

---

LOREN ROSENBURG,

                    Plaintiff,

    v.

GOLUB CORPORATION, d/b/a PRICE
CHOPPER,

                 Defendants.

---

## COMPLAINT

### Introduction

Loren Rosenburg brings this action for damages arising out of the employment

discrimination and retaliation against him by his former employer, Golub Corporation, d/b/a

Price Chopper ("Price Chopper").

### Parties

1.      The Plaintiff, Loren Rosenburg, is an individual who resides Housatonic,

Massachusetts.

2.      Upon information and belief, Price Chopper is a corporation with a principal

place of business located at 501 Duanesburg Road, Schenectedy, New York. Price Chopper

owns and operates a supermarket located in Great Barrington, Massachusetts, that employs

more than 50 employees.

Clerk

## Factual Background

3.    On or about January 5, 2003, Loren Rosenburg was employed by Price Chopper as a part-time dairy clerk with responsibility for, among other things, stocking the dairy shelves at Price Chopper's supermarket in Great Barrington, Massachusetts.

4.    On or about January 5, 2003, Edward Jones was employed by Price Chopper.

5.    On or about January 5, 2003, Edward Jones was Loren Rosenburg's supervisor at Price Chopper.

6.    In addition to their supervisor/subordinate relationship, Mr. Jones and Mr. Rosenburg had been friends.

7.    Mr. Rosenburg has had a medical history of epilepsy and seizures. As a result of his disability he is unable to drive an automobile.

8.    Price Chopper and Mr. Jones were aware that Mr. Rosenburg suffered from seizures and that he had brain surgery in October 2001, in an attempt to alleviate the seizures.

9.    Since the surgery, Mr. Rosenburg has had seizures on two occasions.

10.    Mr. Jones knew that Mr. Rosenburg had epilepsy and repeatedly made fun of him and harassed him because of his disability. Mr. Jones also perceived Mr. Rosenburg to be, in his words, "mentally retarded". As a result, Mr. Jones repeatedly harassed Mr. Rosenburg on the basis of that perceived disability by calling him, among other things, a "fucking retard" and a "worthless piece of shit".

11.    On or about January 5, 2003, Mr. Rosenburg was working the 8:00 a.m. to 4:30 p.m. shift stocking shelves. During Mr. Rosenburg's regularly scheduled lunch break, Mr. Jones again called Mr. Rosenburg a "fucking retard" and a "worthless piece of shit."

12.   Mr. Jones then stuck his knee into Mr. Rosenburg's groin.

13.   Mr. Rosenburg tried to get away from Mr. Jones, but he kept coming at him. When Mr. Rosenburg turned to walk away, Mr. Jones pushed him from behind. The force of this push knocked Mr. Rosenburg into a pallet rack, where he hit his head on a crate of soda, then on a door, and then fell to the floor, hitting his head again on the floor.

14.   This caused serious bleeding from Mr. Rosenburg's head, and caused him to lose consciousness.

15.   Mr. Rosenburg was unable to move for about 5 minutes due to the trauma to his head, and when he regained consciousness, his left arm was covered in blood, and there was a puddle of blood around his head.

16.   Mr. Rosenburg heard Mr. Jones yelling, "Holy shit! What did I do? Call 911!"

17.   A female co-worker saw Mr. Rosenburg lying on the floor in the puddle of blood and was crying.

18.   An ambulance arrived and transported Mr. Rosenburg to Fairview Hospital, where his head-wound was treated.

19.   On January 7, 2003, Mr. Rosenburg wrote a letter to the store manager complaining about the unlawful harassment that he had been enduring.

20.   After Mr. Rosenburg wrote his letter of complaint to the store manager, Price Chopper repeatedly retaliated against him and made the workplace intolerable.

21.   In or about August of 2003, Mr. Rosenburg filed a Charge of Discrimination against Price Chopper and Mr. Jones with the Massachusetts Commission Against

3

Discrimination ("MCAD") and the United States Equal Employment Opportunity Commission ("EEOC").

22.    Price Chopper repeatedly retaliated against Mr. Rosenburg for filing his Charge of Discrimination at the MCAD/EEOC and for his internal complaints, including the following: (a) treating Mr. Rosenburg more harshly than other employees; (b) denying him promotions to full-time status; (c) reducing his hours; and (d) trying to coerce Mr. Rosenburg into signing false documents.

23.    Finally, on or about April 2, 2005, Price Chopper terminated Mr. Rosenburg's employment in retaliation for filing his Charge of Discrimination and for his internal complaints.

Count 1 – Violation of M.G.L. c. 151B (Handicap Harassment)

24.    Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-23, as if fully set forth herein.

25.    Mr. Rosenburg at all relevant times has been a qualified handicapped person under M.G.L. c. 151B and/or perceived as being handicapped.

26.    Mr. Rosenburg timely filed a Charge of Discrimination under M.G.L. c. 151B ("c. 151B") and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under c. 151B. Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

27.    Price Chopper was Mr. Rosenburg's employer and the actions of Mr. Rosenburg's supervisors and co-workers at Price Chopper constitute unlawful disability harassment for which Price Chopper is responsible and liable pursuant to c. 151B.

28.     As a direct and proximate result of Price Chopper's conduct, Mr. Rosenburg
had suffered substantial damage.

<u>Count II – Violation of American with Disabilities Act (Disability Harassment)</u>

29.     Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-28, as if
fully set forth herein.

30.     Mr. Rosenburg at all relevant times has been a qualified disabled person under
the American's With Disabilities Act ("ADA") and/or perceived as being disabled.

31.     Mr. Rosenburg timely filed a Charge of Discrimination under the ADA and has
properly satisfied all of the jurisdictional prerequisites and conditions to suit under the ADA.
Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

32.     Price Chopper was Mr. Rosenburg's employer and the actions of Mr.
Rosenburg's supervisors and co-workers at Price Chopper constitute unlawful disability
harassment for which Price Chopper is responsible and liable pursuant to the ADA.

33.     As a direct and proximate result of Price Chopper's conduct, Mr. Rosenburg
had suffered substantial damage.

<u>Count III – Violation of M.G.L. c. 151B (Retaliation)</u>

34.     Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-33, as if
fully set forth herein.

35.     Mr. Rosenburg timely filed a Charge of Discrimination under c. 151B and has
properly satisfied all of the jurisdictional prerequisites and conditions to suit under c. 151B.
Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

37.    Mr. Rosenburg's internal complaints and his Charge of Discrimination filed at the MCAD/EEOC constituted protected opposition to discriminatory practices.

38.    Price Chopper repeatedly retaliated against Mr. Rosenburg for filing his Charge of Discrimination at the MCAD/EEOC and for his internal complaints, including the following: (a) treating Mr. Rosenburg more harshly than other employees; (b) denying him promotions to full-time status; (c) reducing his hours; and (d) trying to coerce Mr. Rosenburg into signing false documents; and (e) terminating Mr. Rosenburg's employment on or about April 2, 2005.

39.    The above-referenced conduct of Price Chopper was in retaliation for Mr. Rosenburg opposing discriminatory practices and was a violation of c. 151B.

40.    Price Chopper has interfered with Mr. Rosenburg's exercise and enjoyment of his civil rights, as protected under c. 151B.

41.    As a direct and proximate result of Price Chopper's retaliation following Mr. Rosenburg's complaints of disability discrimination/harassment, Mr. Rosenburg has suffered substantial damage.

### Count IV – Violation of ADA (Retaliation)

42.    Mr. Rosenburg repeats and incorporates the allegations of paragraphs 1-41, as if fully set forth herein.

43.    Mr. Rosenburg timely filed a Charge of Discrimination under the ADA and has properly satisfied all of the jurisdictional prerequisites and conditions to suit under the ADA. Both the MCAD and the EEOC issued a "Right to Sue" letter to Mr. Rosenburg.

6

44.    Mr. Rosenburg's internal complaints and his Charge of Discrimination filed at the MCAD/EEOC constituted protected opposition to discriminatory practices.

45.    Price Chopper repeatedly retaliated against Mr. Rosenburg for filing his Charge of Discrimination at the MCAD/EEOC and for his internal complaints, including the following: (a) treating Mr. Rosenburg more harshly than other employees; (b) denying him promotions to full-time status; (c) reducing his hours; and (d) trying to coerce Mr. Rosenburg into signing false documents; and (e) terminating Mr. Rosenburg's employment on or about April 2, 2005.

46.    The above-referenced conduct of Price Chopper was in retaliation for Mr. Rosenburg opposing discriminatory practices and was a violation of the ADA.

47.    Price Chopper has interfered with Mr. Rosenburg's exercise and enjoyment of his civil rights, as protected under the ADA.

48.    As a direct and proximate result of Price Chopper's retaliation following Mr. Rosenburg's complaints of disability discrimination/harassment, Mr. Rosenburg has suffered substantial damage.

WHEREFORE, Mr. Rosenburg respectfully requests that this Court enter judgment for Mr. Rosenburg on all counts of his Complaint and award him:

        a)    Compensatory damages;

        b)    Multiple damages;

        c)    Punitive damages;

        d)    Exemplary damages;

        e)    Damages for emotional distress;

f) Attorney's fees;

g) Costs; and

h) Such other and further relief to which he is entitled and as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

LOREN ROSENBURG,

Plaintiff,

By: *Kevin M. Kinne*
Kevin M. Kinne, Esquire (BBO# 559004)
CAIN HIBBARD MYERS & COOK, PC
66 West Street
Pittsfield, MA 01201
(413) 443-4771

Dated: May 27, 2005

8

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

BERKSHIRE, SS.



SUPERIOR COURT
CIVIL ACTION NO. 05-157

LOREN ROSENBURG,
    Plaintiff

vs.

GOLUB CORPORATION, d/b/a
PRICE CHOPPER,
    Defendant

)
)
)
)
)
)
)
)

## NOTICE OF FILING OF NOTICE OF REMOVAL WITH THE UNITED STATES DISTRICT COURT

Defendant hereby gives notice of its filing with the United States District Court, District of Massachusetts, Western Division, its Notice of Removal. A copy of the Notice of Removal is attached hereto as Exhibit A.

THE DEFENDANT
GOLUB CORPORATION, d/b/a
PRICE CHOPPER

By _____
John C. Sikorski, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 461970

A True Copy
Attest: _____
           Clerk

401855

## CERTIFICATE OF SERVICE

I, John C. Sikorski, Esq., hereby certify that on this ___6___ day of ___June___, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Kevin M. Kinne, Esq., Cain Hibbard Myers & Cook, P.C., 66 West Street, Pittsfield, MA  01201.

Subscribed under the penalties of perjury.

John C. Sikorski

401855

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Loren Rosenburg

**(b)** County of Residence of First Listed Plaintiff  Berkshire
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kevin M. Kinne, Esq., Cain Hibbard Myers & Cook, Inc.
66 West Street
Pittsfield, MA 01201
(413) 443-4771

## DEFENDANTS

FILED
IN CLERK'S OFFICE

Golub Corporation, d/b/a Price Chopper

2005 JUN -6 P 3: 49

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED. DISTRICT OF MASS.

Attorneys (If Known)
John C. Sikorski, Esq., Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
(413) 732-2301

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
        Plaintiff

☐ 2  U.S. Government
        Defendant

☒ 3  Federal Question
        (U.S. Government Not a Party)

☐ 4  Diversity
        (Indicate Citizenship of Parties
        in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS —Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
        Proceeding

☒ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        another district
        (specify)

☐ 6  Multidistrict
        Litigation

☐ 7  Appeal to
        District
        Judge from
        Magistrate
        Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Claim under Americans with Disabilities Act, 42 U.S.C. Section 12111

## VII. REQUESTED IN
## COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
## IF ANY

(See
instructions):

JUDGE   Unknown

DOCKET NUMBER  Berkshire Sup. Ct C.A. No. 05-157

DATE
06/06/05

SIGNATURE OF ATTORNEY OF RECORD
John C. Sikorski

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Loren Rosenburg v. Golub Corporation, d/b/a Price Chopper

FILED
IN CLERK'S OFFICE

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

2005 JUN -6  P 3: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☒  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

☐  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    Loren Rosenburg v. Golub Corporation, d/b/a Price Chopper, Berkshire Superior Court C.A. No. 05-157

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                              YES ☐      NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                              YES ☐      NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                              YES ☐      NO ☒

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                              YES ☐      NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                              YES ☒      NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐      Central Division ☐      Western Division ☒

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐      Central Division ☐      Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                              YES ☐      NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME John C. Sikorski, Esq.,

ADDRESS ROBINSON DONOVAN, P.C., 1500 Main Street, Suite 1600, Springfield, MA 01115

TELEPHONE NO. (413) 732-2301

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

CIVIL ACTION NO.
0500 30133 MA
U.S. DISTRICT COURT
DISTRICT OF MASS.

LOREN ROSENBURG,                    )
    Plaintiff                   )
                                )
vs.                                 )
                                )
GOLUB CORPORATION, d/b/a            )
PRICE CHOPPER,                      )
    Defendant                   )

## NOTICE OF REMOVAL

Defendant in the above titled action, by its undersigned attorney, and pursuant to 28 U.S.C.

1441, *et seq.*, states as follows:

1.  Defendant exercises its rights under the provisions of 28 U.S.C. §1441, *et seq.*, to remove

this action from the Superior Court of the Department of the Trial Court, Commonwealth of

Massachusetts, Berkshire County, in which this case is now pending under the name and style:

Loren Rosenburg vs. Golub Corporation, d/b/a Price Chopper, Civil Action No. 05-157.

2.  This is a action in which the District Courts of the United States have been given original

jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. §1331.

3.  Specifically, plaintiff alleges a violation of his rights under the Americans with

Disabilities Act, 42 U.S.C. Section 12111, *et seq.*

4.  This action was filed on or about May 27, 2005. Summons dated May 27, 2005, and

complaint were served on defendant on or after May 28, 2005. In accordance with the

requirements of 28 U.S.C. §1446, this Notice of Removal is filed within 30 days after the service

of the summons and complaint upon the defendant.

A True Copy
Attest: _Deborah S. Capeless_
                 Clerk

401856

5.  Pursuant to 28 U.S.C. §1446, the Defendant is filing contemporaneously with this Notice of Removal copies of the following served upon it in this action (attached hereto):

    (a)  Summons dated May 27, 2005;

    (b)  Complaint;

    (c)  Defendant's Acceptance of Service, dated June 1, 2005.

6.  Based on the foregoing, the defendant respectfully requests that this action be removed from the Superior Court, Department of the Trial Court of Massachusetts, Commonwealth of Massachusetts, Berkshire Division, to the United States District Court for the District of Massachusetts, Western Division, the District where the action is pending.

7.  Written notice of the filing of this Notice will be given to adverse parties.

8.  A copy of this petition will be filed with the clerk of the Superior Court Department, Berkshire Division.

WHEREFORE, the defendant respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action and that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

                    THE DEFENDANT
                    GOLUB CORPORATION, d/b/a
                    PRICE CHOPPER

                    By _____
                    John C. Sikorski, Esq., of
                    Robinson Donovan, P.C.
                    1500 Main Street, Suite 1600
                    Springfield, Massachusetts 01115
                    Phone (413) 732-2301  Fax (413) 785-4658
                    BBO No.:  461970

<u>CERTIFICATE OF SERVICE</u>

I, John C. Sikorski, Esq., hereby certify that on this _6_ day of _June_, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Kevin M. Kinne, Esq., Cain Hibbard Myers & Cook, P.C., 66 West Street, Pittsfield, MA 01201.

Subscribed under the penalties of perjury.

_John C. Sikorski_
John C. Sikorski

401856

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT

CIVIL ACTION

No. 05-157

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

LOREN ROSENBURG ........................................, Plaintiff(s)

v.

GOLUB CORPORATION d/b/a PRICE CHOPPER ........................., Defendant(s)

## SUMMONS

To the above-named Defendant: GOLUB CORPORATION d/b/a PRICE CHOPPER

You are hereby summoned and required to serve upon Kevin M. Kinne, Esq. ........., of Cain Hibbard Myers & Cook, P.C.

plaintiff's attorney, whose address is 66 West Street, Pittsfield, MA 01201 ........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE XXXXXXXXXXXXXXXXXXX , Esquire at Pittsfield, the 27th day of May , in the year of our Lord one thousand nine hundred and 2005 .

_Deborah S Capeless_
CLERK.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) — TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) — EQUITABLE RELIEF — (5) — OTHER

A True Copy
_Deborah S Capeless_
Clerk

Form - CIV. P. - 1 - 6-75 — 2500

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................................., 19 ........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

I, John C. Sikorski, Esq., Robinson Donovan, P.C., 1500 Main St, Springfield, Mass., hereby accept service of the attached Complaint on behalf of Golub Corporation, d/b/a Price Chopper on May 28, 2005.

Dated: .............6/1............, 19 2005    _John C Sikorski_

**N.B.    TO PROCESS SERVER:—**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| , 19 . |
|---|

COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-157

LOREN ROSENBURG ........................, Plff(s).

v.

GOLUB CORPORATION d/b/a PRICE CHOPPER ........................, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

A TRUE COPY
_Deborah S. Capeless_
Clerk

# Commonwealth of Massachusetts
## County of Berkshire
### The Superior Court

CIVIL DOCKET# **BECV2005-00157-A**

RE:    **Rosenburg v Golub Corporation d/b/a Price Chopper**

TO:Kevin M Kinne, Esquire
    Cain Hibbard Myers & Cook 
    66 West Street
    3rd floor
    Pittsfield, MA 01201

## TRACKING ORDER - F TRACK

      You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 08/25/2005 |
| Response to the complaint filed (also see MRCP 12) | 10/24/2005 |
| All motions under MRCP 12, 19, and 20 filed | 10/24/2005 |
| All motions under MRCP 15 filed | 10/24/2005 |
| All discovery requests and depositions completed | 03/23/2006 |
| All motions under MRCP 56 served and heard | 04/22/2006 |
| Final pre-trial conference held and firm trial date set | 05/22/2006 |
| Case disposed | 07/21/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **Superior Court-2nd Floor at Berkshire Superior Court.**

Dated: 05/31/2005

                                       Deborah S. Capeless
                                       Clerk of the Courts
                            BY: Deborah S. Capeless
                                          Clerk

Location: Superior Court-2nd Floor
Telephone: (413) 499-7487



**ROBINSON**

**DONOVAN**

ATTORNEYS AT LAW

John C. Sikorski, Esq.

**Direct Dial: (413) 747-9420 ext. 102**
jsikorski@robinson-donovan.com

June 6, 2005

Berkshire County Superior Court
Civil Clerk
76 Court Street
Pittsfield, MA 01201

    RE:    Loren Rosenburg v. Golub Corporation, d/b/a Price Chopper
           Berkshire Superior Court C.A. No. 05-157

Dear Sir/Madam:

    Enclosed herewith for filing in connection with the above-captioned matter, please find a
Notice of Filing of Notice of Removal with the United States District Court. Thank you for your
attention to this matter.

    Should you have any questions, please do not hesitate to call.

                                        Very truly yours,

                                        John C. Sikorski

JCS/kef
Enclosures

cc:    Kevin Kinne, Esq.

402015

ROBINSON DONOVAN, P.C.
MAIN OFFICE: 1500 Main Street, Suite 1600 · Post Office Box 15609 · Springfield, MA 01115-5609 · 413-732-2301 · Fax: 413-785-4658
Northampton Office: 16 Armory Street · Northampton, MA 01060 · 413-587-9853
www.robinson-donovan.com

MAS-20041213      Case 3:05-cv-30133-MAP   Commonwealth of Massachusetts    Filed 06/09/2005    Page 30 of 31     06/08/2005
obrient                                     BERKSHIRE SUPERIOR COURT                                       03:09 AM

Case Summary
Civil Docket

## BECV2005-00157
## Rosenburg v Golub Corporation d/b/a Price Chopper

| | | | |
|---|---|---|---|
| **File Date** | 05/27/2005 | **Status** | Disposed: remanded to District Court (drem) |
| **Status Date** | 06/07/2005 | **Session** | A - Civil A - CtRm 1 |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/25/2005 | **Answer** | 10/24/2005 | **Rule12/19/20** | 10/24/2005 |
| **Rule 15** | 10/24/2005 | **Discovery** | 03/23/2006 | **Rule 56** | 04/22/2006 |
| **Final PTC** | 05/22/2006 | **Disposition** | 07/21/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Loren Rosenburg
Active 05/27/2005

**Private Counsel 559004**
Kevin M Kinne
Cain Hibbard Myers & Cook
66 West Street
3rd floor
Pittsfield, MA 01201
Phone: 413-443-4771
Fax: 413-443-7694
Active 05/27/2005 Notify

**Defendant**
Golub Corporation d/b/a Price Chopper
Served: 06/03/2005
Answered: 06/02/2005
Answered 06/02/2005

**Private Counsel 461970**
John C Sikorski
Robinson Donovan Madden & Barry
1500 Main Street
PO Box 15609
Springfield, MA 01115
Phone: 413-732-2301
Fax: 413-785-4658
Active 06/02/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/27/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 05/27/2005 | | Origin 1, Type B22, Track F. |
| 05/27/2005 | 2.0 | Uniform Counsel Certification for civil cases filed. |
| 06/02/2005 | 3.0 | Notice of Appearance of Attorney John C. Sikorski as counsel for defendant, Golub Corporation, d/b/a Price Chopper with Certificate of Service, filed. |
| 06/02/2005 | 4.0 | ANSWER: Golub Corporation d/b/a Price Chopper(Defendant) and Demand for Trial by Jury by Attorney John C. Sikorski with Certificate of Service, filed. |
| 06/02/2005 | 5.0 | Uniform Counsel Certification filed |
| 06/02/2005 | 6.0 | SERVICE RETURNED: Golub Corporation d/b/a Price Chopper(Defendant) - I, John C. Sikorski, Esq., Robinson Donovan, P.C., 1500 Main St., Springfield, MAss hereby accept service of the attached complaint on behalf of Golub Corporation, d/b/a Price Chopper on May 28, 2005. |
| 06/07/2005 | 7.0 | Court received Notice of filing of notice of removal with the United States District Court. |

A True Copy
Attest: Deborah S Capeles
Clerk

### EVENTS

**Commonwealth of Massachusetts**
**BERKSHIRE SUPERIOR COURT**
**Case Summary**
**Civil Docket**

**BECV2005-00157**
**Rosenburg v Golub Corporation d/b/a Price Chopper**